**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>TRENTON BRIDGE LOBSTER POUND, INC.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 25-10246 |

**DEBTOR'S RESPONSE TO THE UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION OF THE DEBTOR FOR ORDER PURSUANT TO §§ 327 AND 328 OF THE BANKRUPTCY CODE AUTHORIZING EMPLOYMENT OF BERNSTEIN, SHUR, SAWYER & NELSON, P.A. AS COUNSEL TO THE DEBTOR, EFFECTIVE AS OF THE PETITION DATE**

Trenton Bridge Lobster Pound, Inc., the above-captioned debtor and debtor in possession (the "**Debtor**"), by and through undersigned proposed counsel, files this response (the "**Response**") in opposition to the *Objection of the United States Trustee to Application of the Debtor for Order Pursuant to §§ 327 and 328 of the Bankruptcy Code Authorizing Employment of Bernstein, Shur, Sawyer & Nelson, P.A. as Counsel to the Debtor, Effective as of the Petition Date* [Dkt. No. 31] (the "**Objection**").[2] In support of this Response, the Debtor states as follows:

**RESPONSE**

**A.    The Legal Framework Does Not Prohibit Retention Based on "Potential," or Hypothetical, Conflicts.**

1.    Section 327 provides the framework for retaining professionals. Specifically, "[e]xcept as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys … that do not hold or represent an interest adverse to the estate, and that are

---

[1] The last four digits of Trenton Bridge Lobster Pound, Inc.'s federal taxpayer identification number are 9887, and its principal place of business is 1237 Bar Harbor Road, Trenton, Maine 04605.
[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).  Further, "[i]n a case under chapter … 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an <u>actual</u> conflict of interest." 11 U.S.C. § 327(c) (emphasis added).

2.　　Accordingly, bankruptcy courts have consistently recognized that prior or concurrent representation of a creditor or other party in interest during a chapter 11 case is not disqualifying based merely on a <u>potential</u> conflict, and courts have wide discretion in allowing such representations.  See <u>In re Jade Management Services</u>, 386 Fed. Appx. 145, 148 (3rd Cir. 2010) ("Under our precedents, § 327(a) presents a per se bar to the appointment of an attorney with an actual conflict, but gives the Bankruptcy Court wide discretion in deciding whether to approve the appointment of an attorney with a potential conflict.") (cleaned up).  "Distinguishing between potential and actual conflicts is a flexible enterprise, and necessarily is one that is governed by the factual niceties of each particular case."  <u>In re Jade Management Services</u>, 386 Fed. Appx. at 148.  The critical distinction lies in whether counsel must presently choose between competing interests.  An actual conflict exists only when there is "active competition between two interests, in which one interest can only be served at the expense of the other."  <u>In re Penney</u>, 334 B.R. 517, 520 (Bankr. D. Mass. 2005) (quoting <u>In re Am. Energy Trading, Inc.</u>, 291 B.R. 154, 157 (Bankr. W.D. Mo. 2003)).  A potential conflict arises "where the competition does not presently exist, but may become active if certain contingencies arise."  <u>In re Raymond Professional Group, Inc.</u>, 421 B.R. 891, 902 (Bankr. E.D. Ill. 2009) (quoting <u>In re Am. Printers & Lithographers, Inc.</u>, 148 B.R. 862, 866 (Bankr. N.D. Ill. 1992)).

3. Courts must also take other considerations into play, and, importantly, "[a] request to disqualify counsel for a debtor should not be granted or denied without most serious consideration." In re Raymond Professional Group, Inc., 421 B.R. at 901. That is because "[g]ranting the [request] wrongfully would deny the debtor choice of counsel and would impose great expense on it," and because "[g]ranting the [request] after counsel has performed much work … also risks the possible loss of fees to the disqualified counsel." Id. at 901.

**B. No Actual Conflict of Interest Exists Given the Alignment of Interests between the Debtor and the Pettegrows, and Denial of Retention Would Deny the Debtor its Choice of Counsel without any Factual Basis.**

4. Here, there is no actual conflict of interest between the Debtor and the Pettegrows, who own the Debtor and, in their individual capacity, the building in which the Debtor operates. Although it is true that the Pettegrows are landlords to the Debtor and that the Debtor is approximately **$220,000.00** in arrears on its rent payments to the Pettegrows, these factors (which are entirely commonplace in small businesses) do not create an actual conflict of interest because the Debtor is bound by its contractual obligation to pay its rent (including postpetition) and, more importantly, the Debtor and the Pettegrows share the same goals: the Debtor needs a place to operate, and the Pettegrows need a tenant that pays rent so they can pay their other obligations; loss of the property means the Debtor cannot operate, while the Debtor ceasing to operate means the Pettegrows lose that value and necessary revenue source. Both need the other's reorganization to succeed. In other words, the mere existence of a contract or claim between two parties does not mean that the parties have an actual conflict with each other, and, instead, their interests here are intertwined such that they share common goals and are both "rowing in the same direction."

5. The U.S. Trustee argues that concurrent representation of a debtor and an insider creditor or co-obligor is "a classic fact-pattern for potential conflicts." Objection, ¶ 28. The cases that the U.S. Trustee relies upon to support this assertion are easily distinguishable from the facts

here.  In In re Ginco, Inc., 105 B.R. 620, 621 (Bankr. D. Colo. 1988), the court denied concurrent representation of a debtor corporation and one of its officers because the officer was a potential target for a claim of mismanagement by the debtor.  No such allegation of mismanagement has been made in this case.  In Rome v. Braunstein, 19 F.3d 54, 57 (1st Cir. 1994), the court upheld the denial of a fee application by an attorney who had concurrently represented a corporate debtor and its sole shareholder after the attorney apparently assisted the shareholder in "looting" the corporation prior to its bankruptcy petition and in obstructing creditors from investigating the corporation's financial condition.  While such impropriety supported the denial of the fee application in Rome, the US Trustee has not articulated any way in which similar issues could arise here, and the mere prospect of wrongdoing does not transform potential conflict into actual conflict.

6. The U.S. Trustee's argument amounts to an assertion that the proposed concurrent representation of a debtor and its landlord, insider, or creditor is per se prohibited.  But this is incorrect as a matter of case law and statute.  See In re Jade Management Services, 386 Fed. Appx. at 148.  Here, the U.S. Trustee has not articulated why the relationship creates an actual conflict, but merely asserts that it does without further reasoning.  Such a conclusory objection is without merit and only highlights that any conflict is potential—which is not a basis for denying the retention application.

7. Finally, the Debtor emphasizes that its choice of counsel should be respected absent a compelling reason to deny the application.  See In re Raymond Professional Group, Inc., 421 B.R. at 901.  Should the application be denied, the Debtor will need to retain new counsel and compensate that counsel for the time required to orient itself with the facts of the case thus far.  This added expense will reduce the ability of the Debtor to repay its creditors, delay the case, and

it is not in the best interests of any party—especially when such disruption is only the result of an unarticulated, potential future conflict that ignores the practical realities of the situation.  Id.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court deny the U.S. Trustee's Objection and grant the Debtor's application to employ Bernstein Shur.

Dated:   January 23, 2026

Respectfully submitted,
**BERNSTEIN, SHUR, SAWYER & NELSON, P.A.**

*/s/ Adam Prescott*
Adam R. Prescott, Esq.
D. Sam Anderson, Esq.
100 Middle Street
PO Box 9729
Portland, Maine 04104
Telephone: (207) 774-1200
Facsimile: (207) 774-1127
aprescott@bernsteinshur.com
sanderson@bernsteinshur.com

Proposed Counsel to the Debtor and Debtor in Possession